**Hilario MATEO–SALAS, Petitioner, Appellant,**

v.

**UNITED STATES, Respondent, Appellee.**

No. 99–2286.

United States Court of Appeals, First Circuit.

March 8, 2001.

Hilario Mateo–Salas, on brief, pro se.

Guillermo Gil, United States Attorney, Jorge E. Vega–Pacheco, Assistant United States Attorney, and Nelson Perez–Sosa, Assistant United States Attorney, on brief, for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

 Hilario Mateo–Salas appeals *pro se* from the dismissal of his 28 U.S.C. § 2255 petition as untimely. He concedes that his petition was filed outside the one-year time limit but argues that he is entitled to equitable tolling of the time limit. We disagree. This court has yet to decide the question whether § 2255 is subject to equitable tolling. *Cf. Libby v. Magnusson,* 177 F.3d 43, 48 n. 2 (1st Cir.1999) (reserving the question whether § 2244(d)(1), which applies to postconviction motions filed by state prisoners, is subject to equitable tolling). However, assuming without deciding that equitable considerations apply, we do not think that Mateo–Salas has demonstrated facts which would warrant equitable tolling. We briefly explain.

In response to a show cause order issued by the district court, Mateo–Salas argued that the limitation period should be equitably tolled because "he relied upon his counsel who specifically stated that he would keep up on changes in the law and if the law changed he would petition the court for a reduction or other relief in the sentence." On appeal, Mateo–Salas has failed to point to any decisions, or other changes in the law, that should have triggered the filing of a § 2255 petition. The cases that Mateo–Salas cited below do not help him for the reasons stated by the district court. Under the circumstances, Mateo–Salas has failed to demonstrate attorney negligence, much less the sort of conduct that might conceivably warrant equitable tolling.

 Mateo–Salas suggests for the first time on appeal that equitable tolling is warranted because he timely asserted his rights in the wrong forum. This suggestion is meritless. During the relevant time period, Mateo–Salas filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion asserted different "rights" under a different vehicle and was filed in the correct forum. Accordingly, the § 3582(c)(2) motion does not provide a basis for equitable tolling.

Our conclusion that equitable tolling is not warranted obviates the need to address Mateo–Salas's claim that his guilty plea was involuntary. For the foregoing reasons, the judgment is *affirmed.*